]_J)N APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.**
The Committee on Bar Admissions (“Committee”) opposed the application of petitioner, Brian D. Ferguson, to sit for the Louisiana Bar Examination based on character and fitness concerns. In its correspondence to petitioner, the Committee cited two issues, specifically, petitioner’s delinquent credit accounts and a stipulated judgment rendered against him on a petition for domestic abuse protection filed by his former wife. We subsequently granted petitioner permission to sit for the bar exam, with the condition that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence. In re: Ferguson, 05-0918 (La.5/6/05), 901 So.2d 1079.
Petitioner thereafter successfully passed the essay portion of the bar exam, and upon his application, we appointed a commissioner to take evidence and report to this court whether petitioner possesses the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. We also authorized the Office of Disciplinary Counsel (“ODC”) to conduct an investigation into petitioner’s qualifications to be admitted to the bar.
The commissioner conducted a character and fitness hearing in June 2008, pui’suant to Supreme Court Rule XVII, § 9(D)(6). The commissioner received documentary evidence and heard testimony given by petitioner and his witnesses on \9a variety of issues in addition to those raised by the Committee when petitioner was initially denied permission to sit for the bar exam, including allegations of misconduct by petitioner during law school as well as during his subsequent employment as a judicial law clerk.[1]
*812 At the conclusion of the hearing, the commissioner filed his report with this court, recommending that petitioner be conditionally admitted to the practice of law. The Committee objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(D)(11).
After hearing oral argument, reviewing the evidence, and considering the law, we conclude petitioner has failed to meet his burden of proving that he has “good moral character” to be admitted to the Louisiana State Bar Association. See Supreme Court Rule XVII, § 5(D).
Accordingly, it is ordered that the application for admission be and hereby is denied.
ADMISSION DENIED.

 Guidry, J., on panel; Calogero, C.J., retired, recused.

. One of the ODC's witnesses was a law professor who was subpoenaed to testify regarding the allegations of academic misconduct. Petitioner objected to the professor's testimo *812 ny. The commissioner ruled that the professor would not be permitted to testify at the hearing, but that the ODC could proffer the testimony in deposition form. However, the commissioner then submitted his report to this court, along with the record of the matter, without waiting for the proffer to be obtained. Consequently, after taking the professor's deposition and obtaining the transcript from the court reporter, the ODC filed a "Motion to File Proffer Into the Record.” We subsequently granted the motion and allowed the parties to file supplemental briefs addressing the professor’s testimony. The purpose of the commissioner process in bar admission proceedings is to develop a record upon which this court can make a determination whether the applicant possesses good moral character and fitness to practice law. Strict adherence to the evidentiary and procedural codes is not required in such proceedings; the commissioner should "admit any material and relevant evidence which ... is probative and which may be useful to the Court for its consideration and review.” Supreme Court Rule XVII, § 9(D)(7). Furthermore, any evidence excluded by the commissioner "may be proffered for review by the Court.” Id.